UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-193-F

| | |
|---|---|
| JOHN D. BLACK,<br>　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY GOVERNMENT,<br>CITY OF NEWARK a municipal corporation<br>Of the state of N J RONALD RICE New Jersey<br>State senator/HOMEDEPORE, N J<br>N.J MOTOR VHICLE SERVICE/<br>COMMISSION/ SHARP JAMES (X) CORY<br>BOOKER, Mayor of Newwark, N J<br>　　　Defendants. | ORDER |

This matter is before the court on several motions by the *pro se* Plaintiff, and motions to dismiss by individual Defendants. All the motions have been fully briefed, and are ripe for disposition.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff initiated this action by filing the Complaint [DE-1] in this court on April 24, 2008. As one of the Defendants have observed, "[t]he factual allegations of the Plaintiff's Complaint are virtually incomprehensible." Mem. of Law in Support of Mot. to Dismiss as to State of New Jersey Defendants [DE-22] at p. 2. Plaintiff appears to allege (1) a type of conspiracy resulting in his loss of real property in Newark, New Jersey; (2) fraud and conspiracy with respect to real property located in New Jersey; (3) improper conduct in connection with his incarceration in the Essex County, New Jersey jail and/or New Jersey State Prison in or about April 1992, and the improper suspension of his driving privileges in New Jersey , and (4) the loss

or denial of a New Jersey driver's license through fraudulent documentation. Four of the named Defendants have filed motions to dismiss. Plaintiff has filed a variety of motions opposing the form of the Defendants' motions to dismiss, and also has filed a motion for default judgment and a motion for summary judgment. Because the proper venue does not lay in this court, the various Defendants' motions to dismiss will be allowed.

## II. IMPROPER VENUE

Defendants Luis Propertie, LLC, the State of New Jersey, the New Jersey Motor Vehicle Commission[1], and Home Depot, U.S.A., Inc.[2] (collectively, "the moving defendants"), all move to dismiss the Complaint in this action, each arguing, *inter alia*, that dismissal for improper venue is appropriate under Rule 12(b)(3) of the Federal Rules of Civil Procedure. When a defendant raises the defense of improper venue, the plaintiff bears the burden of establishing that venue is proper. *See Bartholomew v. Virginia Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979) *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119(1982). Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

---

[1] The State of New Jersey and the New Jersey Motor Vehicle Commission were denominated, respectively, as "New Jersey Government" and "N.J Motor Vhicle Service/Commission" in the Complaint.

[2] Home Depot U.S.A., Inc., was denominated as "Home Depore, N J" in the Complaint.

Where, as here, diversity of citizenship[3] is not the sole jurisdictional basis of a civil suit, venue is governed by the provisions of 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

29 U.S.C. § 1391(b). Venue is improper in the Eastern District of North Carolina under all three provisions of § 1391(b).

First, none of the defendants has been shown to reside in North Carolina. Venue is proper under § 1391(b)(1) only if *any* defendant resides in the Eastern District of North Carolina, and only if all defendants "reside" in the same state. The record shows that not all of the defendants reside in the State of North Carolina. The State of New Jersey and the New Jersey Motor Vehicle Commission reside in the State of New Jersey. *See* Mem. of Law in Support of Mot. to Dismiss as to State of New Jersey Defendants [DE-22] at pp. 6-7. Plaintiff has not met his burden of showing that any of the other named Defendants reside in the State of North Carolina. Consequently, venue is not proper under § 1391(b)(1).

---

[3] Plaintiff alleges in the Complaint that the diversity of citizenship exists. Plaintiff also alleges, however, that the defendants deprived him of real property "With out due process a violation of Plaintiff constitutional right, according to the 14th amendment of the us constitution and And with out paying plaintiff any money or just compensation according to the fifth Amendment of the us constitution." Complaint [DE-1] at pp. 1-2. Consequently, it appears that Plaintiff's Complaint may state claims under federal law, and therefore jurisdiction is not founded solely upon diversity of citizenship.

Nor is venue proper under § 1391(b)(2). The Complaint shows that none of the events giving rise to Plaintiff's claims occurred in the Eastern District of North Carolina. Indeed, the Complaint establishes that the events forming the basis of Plaintiff's claims occurred *entirely* in New Jersey. Moreover, the subject property that is the basis for some of the Plaintiff's claims is in New Jersey. Neither a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of North Carolina, nor is the property that is the subject of this action located in the Eastern District of North Carolina, and therefore venue is not proper under § 1391(b)(2).

Finally, the Plaintiff cannot avail himself of § 1391(b)(3). For venue to be proper under § 1391(b)(3), Plaintiff must first establish that "there is no district in which the action may otherwise be brought." This, Plaintiff has not done. As the court already has discussed, all of the events or omissions giving rise to Plaintiff's claims occurred in the State of New Jersey. Therefore, the case could have been brought in the United States District Court for the District of New Jersey.

Because this district is not a proper forum, the moving Defendants' Motions to Dismiss [DE-12, DE-21, DE-33] are ALLOWED. The court does not find it to be in the interest of justice to transfer Plaintiff's claims against the moving Defendants , because Plaintiff has filed substantially similar cases against the various Defendants in other courts. *See* Home Depot's Mem. of Law [DE-34], Ex. B (*Black v. City of Newark, et al.*, No. 1:07-cv-1644-RMC (D.D.C. March 10, 2008)(order allowing motion to dismiss)); *Black v. City of Newark*, No. 1:06-cv-534 (M.D.N.C. Dec. 19, 2006)(memorandum recommending that complaint be dismissed for improper venue); *Black v. City of Newark, et al.*, 5:98-cv-696-BR (E.D.N.C. July 25, 2000)(order

denying Plaintiff's motion under Rule 60(b)). Because Plaintiff "has had ample opportunity to file his action in a proper venue", *Black v. City of Newark*, 535 F.Supp.2d 163, 167 (D.D.C. 2008), his Complaint is dismissed. *See id.* (dismissing entire action where only the City of Newark moved to dismiss for improper venue).

### III. CONCLUSION

For the foregoing reasons, the moving Defendants' Motions to Dismiss [DE-12, DE-21, DE-33] are ALLOWED and this action is DISMISSED. All other pending motions are DENIED as moot.

SO ORDERED. This the 4th day of March, 2009.

James C. Fox
Senior United States District Judge